**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 10 2014, 5:59 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JUAN WILLIAMS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  49A05-1307-CR-373 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Deborah J. Shook, Commissioner
Cause No. 49F07-1301-CM-6762

**March 10, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

The victim of a Battery,[1] a class A misdemeanor, testified that appellant-defendant Juan Williams punched him in the eye causing pain, swelling, and redness. A police officer who was dispatched to the scene interviewed the victim and observed the injuries. This evidence was sufficient to prove that Williams committed the offense, and his claim that the conviction must be set aside under the doctrine of incredible dubiosity fails. Thus, we affirm the judgment of the trial court.

## FACTS

Abdelsalam Samara manages the Shell gas station on Illinois Street in Indianapolis. On January 29, 2013, Williams entered the store to purchase a cigar. The cigar was priced at .99 but the sales tax made the final cost $1.06. However, Williams handed Samara $1 and asked for change. When Samara informed Williams of the total price, the two began to argue.

Samara stepped out from behind the security area and told Williams to leave. In response, Williams punched Samara in the eye, causing it to swell and turn red. The injury also caused Samara pain that lasted for nearly a week. After Williams punched him, Samara went back into the security cage, locked the door to the building, and called the police.

Indianapolis Metropolitan Police Department (IMPD) Officer Robert Carver was dispatched to the Shell station to investigate. Samara told Officer Carver that Williams hit him in the eye. Officer Carver noticed that Samara's eye was red and swollen. In

---

[1] Ind. Code § 35-42-2-1.

Officer Carver's experience in investigating battery cases, he concluded that Samara's injuries were consistent with being struck in the eye.

As a result, Williams was charged with battery on January 29, 2013. Following a bench trial on July 25, 2013, Williams was found guilty as charged and sentenced to 365 days of incarceration with 359 days suspended to probation. He now appeals.

DISCUSSION AND DECISION

As noted above, Williams argues that his battery conviction must be set aside because the evidence was insufficient to support his conviction. Specifically, Williams maintains that Samara's testimony is incredibly dubious, in that "he gave contradictory testimony about how the events unfolded, and there is no circumstantial evidence to support his story." Appellant's Br. p. 2.

I. Standard of Review

When reviewing a sufficiency of the evidence claim, we will not reweigh the evidence or assess the credibility of witnesses. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005). We will consider only the evidence most favorable to the judgment, together with all reasonable and logical inferences to be drawn therefrom. Id. The conviction will be affirmed if there is substantial evidence of probative value to support the conviction. Id. The uncorroborated testimony of one witness is sufficient to sustain a conviction. Carter v. State, 754 N.E.2d 877, 880 (Ind. 2001).

The offense of battery is defined in Indiana Code section 35-42-2-1 as follows:

3

(a) A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is:
(1) a Class A misdemeanor if:
(A) it results in bodily injury to any other person. . . .

Indiana Code section 35-31.5-2-29 defines bodily injury as "any impairment of physical condition, including physical pain."

## II. Williams's Claims

In this case, the evidence presented at trial established that Williams became angry with Samara and hit him in the eye. Tr. p. 10-11, 14-16. As discussed above, Samara's eye became swollen, turned red, and was painful for nearly a week. Id. at 10-11, 16. This was sufficient evidence to establish that Williams committed battery on Samara that resulted in bodily injury.

Notwithstanding the above, Williams seeks to invoke the incredible dubiosity rule by arguing that Samara's testimony was not worthy of credit because he gave contradictory testimony about how the events unfolded, and there was "no circumstantial evidence to support his story." Appellant's App. p. 2. Thus, Williams asserts that his conviction must be vacated on this basis.

Under the incredible dubiosity rule, our Supreme Court has observed that

Within the narrow limits of the "incredible dubiosity" rule, a court may impinge upon a jury's function to judge the credibility of a witness. If a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. This is appropriate only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. Application of this rule is rare and the standard to be applied is whether the

4

testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it.

Love v. State, 761 N.E.2d 806, 810 (Ind. 2002) (emphasis added). In addition, inconsistencies between the testimonies of multiple witnesses do not make the evidence "incredible" as a matter of law, and only go to the weight of the evidence. Morell v. State, 933 N.E.2d 484, 492-93 (Ind. Ct. App. 2010).

Notwithstanding Williams's contentions, Samara unequivocally testified that Williams hit him in the eye and caused the injuries. Tr. p. 10-11, 16. Additionally, Officer Carver arrived at the scene to investigate and noticed that Samara's eye was red and swollen. Id. at 21. Officer Carver's testimony is evidence that corroborates Samara's testimony that Williams injured him. Thus, Williams's reliance on the incredible dubiosity rule fails. In short, Williams's arguments amount to a request that we reweigh the evidence, which we will not do. McHenry, 820 N.E.2d at 126.

The judgment of the trial court is affirmed.

NAJAM, J., and CRONE, J., concur.